UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:10CV2091 HEA |
| UNKNOWN BROTHERS, et al., | ) ) ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant McKinney's Motion for Summary Judgment, [Doc. No. 27]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

## Introduction

Plaintiffs brought this action seeking damages against Defendant McKinney alleging that Defendant refused to refill prescriptions for Mobic, Lidocaine patches and muscle rub, which Plaintiff alleges resulted in his experiencing pain for about a year.

## Facts and Background

The facts of this matter are set out in Defendant's Statement of Undisputed Facts.

Plaintiff is an inmate confined in the Department of Corrections of Missouri.

Defendant is a medical doctor licensed to practice medicine in the State of Missouri.  Defendant provides medical services on behalf of Correctional Medical Services, a private entity providing medical care to inmates within the Missouri Department of Corrections. While providing care to inmates, Defendant works as an independent contractor.  He does not receive any financial incentives from CMS or any other entity to keep the cost of medical care for inmates as low as possible.  Plaintiff acknowledged that he had no evidence to suggest otherwise.

Defendant saw Plaintiff on various occasions and each time he saw Plaintiff, he examined him, evaluated him, assessed his condition, and advised Plaintiff to follow up if his condition changed in any way.

Based on his medical judgment, Defendant never felt that it was medically necessary for Plaintiff to receive Mobic, Lidocaine patches or muscle rub.  All of Defendant's notations in Plaintiff's medical records were truthful and contemporaneous representations of what happened at the evaluations of Plaintiff and showed Defendant's medical opinions and judgments at the time of each evaluation.

On October 14, 2009, Defendant educated Plaintiff against the daily use of nonsteroidal anti-inflammatory drugs, such as Mobic, since such medication

should not change the possible progression of Plaintiff's disease or the character of the problem, and because nonsteroidal anti-inflammatory drugs carry the risk of causing gastrointestinal bleeding.  Defendant recommended Plaintiff take Tylenol as needed for neck stiffness or pain, and Plaintiff acknowledged that he understood Defendant's instructions.

Defendant examined Plaintiff on December 16, 2009, when Plaintiff complained of a "palsy."  Defendant ascertained that what Plaintiff meant by "palsy" was neck pain plus repetitive movements of his head.  Defendant's examination of Plaintiff revealed that his neurological symptoms remained within normal limits, and the remainder of his examination remained unchanged.  Defendant informed Plaintiff of why Tylenol remained indicated for his care and that there was no medical indication for Neurontin or Lidocaine, as Plaintiff suggested.  Defendant recommended the additional treatment modalities massage to the trapezius and the application of moist heat to the area as part of his treatment plan.

On March 18, 2010, Plaintiff was scheduled for an examination by Defendant and refused this appointment.

On June 9, 2010, Defendant placed Plaintiff in the chronic care clinic for regular evaluation of his neck complaints.

On August 5, 2010, Plaintiff refused his scheduled examination with the chronic pain clinic.

On October 11, 2010, Defendant examined Plaintiff and noted an absence of radiculopathy or neurological symptoms.  Plaintiff continued to have full active range of motion of his neck without pain.  Based on these findings, Defendant refilled his order for Tylenol as needed for neck stiffness and pain.

On November 16, 2010, Plaintiff was transferred from Potosi Correctional Center to Fulton Correctional Center and came under the care of Dr. Farnham.  In Plaintiff's medical record of January 4, 2011, Dr. Farnham documented that Plaintiff had full range of motion of his neck without apparent discomfort, and Plaintiff was discharged from the chronic care clinic for treatment of his neck.

Defendant did not refuse to provide appropriate treatment for Plaintiff's medical needs. Plaintiff did not have objective signs of a serious medical need. Defendant never refused to treat or provide Plaintiff with treatment when it was medically appropriate to do so.

Plaintiff has only alleged that Defendant "absolutely refuses" to refill prescriptions for Mobic, Lidocaine patches and muscle rub.  Plaintiff does not allege Defendant was deliberately indifferent to Plaintiff's serious medical needs.

## Discussion

### Summary Judgment Standard

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Anderson* 477 U.S. at 256;  *Littrell* , 459 F.3d at 921.  "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed. R. Civ. P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

*Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotations omitted). *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir. 2005) Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 444 (8th Cir. 1998) (citing *Weber v. American Express Co.*, 994 F.2d 513, 515-16)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary

- 6 -

judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-27(8th Cir. 2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch.Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).

Plaintiff's only complaint against Defendant is that he absolutely refused to refill prescriptions for Mobic, Lidocaine patches and muscle rub. Plaintiff does not allege Defendant was deliberately indifferent to Plaintiff's serious medical needs. However, even assuming Plaintiff's allegations attempt to state a deliberate indifference claim, Defendant is entitled to judgment.

"Deliberate indifference has both an objective and a subjective component." *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir.2009). "The objective component requires a plaintiff to demonstrate an objectively serious medical need." *Id*. "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *Id*.

"Whether a prison's medical staff deliberately disregarded the needs of an inmate is a factually-intensive inquiry." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118 (8th Cir.2007). "The plaintiff-inmate must clear a substantial

evidentiary threshold to show that the prison's medical staff deliberately disregarded the inmate's needs by administering an inadequate treatment." *Id*.

Negligent mis-diagnosis does not create a cognizable claim under § 1983. *McRaven v. Sanders,* 577 F.3d 974, 982 -983 (8th Cir. 2009).

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). See also *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir.2008) ("Medical malpractice alone ... is not actionable under the Eighth Amendment."). " 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir.2004), quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

The record before the Court clearly establishes the failure of Plaintiff to establish a serious medical need.  Moreover, the record further establishes that Defendant treated Plaintiff in accordance with Plaintiff's complaints and Defendant's medical judgment and opinion that Plaintiff did not need any of the

medications Plaintiff thought he needed.  Nothing in the record establishes that Defendant's medical judgment resulted in inadequate treatment.  Clearly, Defendant's treatment of Plaintiff does not rise to the level of deliberate indifference to Plaintiff's serious medical needs. Nowhere does Plaintiff establish that Defendant actually knew of, but deliberately disregarded, any serious medical need of Plaintiff.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion for Summary Judgment is meritorious.  Defendant is therefore entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant McKinney's Motion for Summary Judgment, [Doc. No. 27] is granted.

A separate judgment is entered this same date.

Dated this 20th day of April, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE